UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-20441-WILLIAMS/LETT

18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 1341
18 U.S.C. § 2
18 U.S.C. § 1956(h)
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(1)

UNITED STATES OF AMERICA

v.

NAZAR MOHAMED and
AZRUDDIN MOHAMED,

    Defendants.
_____/



FILED BY ___BM___ D.C.

Oct 2, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. The defendant, **NAZAR MOHAMED**, was a citizen of Guyana and the 90% owner of the company Mohamed's Enterprise.

2. The defendant, **AZRUDDIN MOHAMED**, was a citizen of Guyana and the 10% owner of the company Mohamed's Enterprise.

3. Mohamed's Enterprise was a gold wholesaler and exporter based out of Guyana that sold gold to buyers, primarily in Miami and Dubai.

4. The Guyana Revenue Authority ("GRA") collected taxes in Guyana and charged

a tax of approximately 2% on exported gold. The GRA also charged taxes and duties on certain luxury vehicles imported to Guyana of over 100% the value of the vehicle. The GRA was an agency of the Guyana government.

5. The Guyana Gold Board ("GGB") regulated the gold trade in Guyana and charged a royalty of approximately 5% on the sale of gold. The GGB was an agency of the Guyana government.

6. Gold wholesalers in Guyana had to obtain official government seals from the GRA and GGB, upon payment of taxes and royalties, to export gold from Guyana.

7. Company 1, with offices in Miami, provided secure worldwide transportation services for precious metal shipments originating from Latin America.

8. Company 2, with offices in Miami, was a private and commercial interstate carrier that provided worldwide shipping and delivery services of packages.

9. Company 3, based in Miami, provided freight forwarding services for shipments of packages and goods to Guyana by air and sea.

10. Company 4, with offices in Miami, was a private and commercial interstate carrier that provided worldwide shipping and delivery services of cargo.

## COUNT 1
**Conspiracy to Commit Mail & Wire Fraud**
**(18 U.S.C. § 1349)**

1. The General Allegations set forth in paragraphs 1 through 9 of this Indictment are realleged and incorporated by reference for Count 1 of this Indictment as though fully set forth herein.

2. From in or around 2017, and continuing through on or about June 11, 2024, in

Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**NAZAR MOHAMED and
AZRUDDIN MOHAMED,**

did knowingly, and with the intent to further the objects of the conspiracy, combine, conspire, confederate, and agree with each other and others, known and unknown to the Grand Jury, to commit offenses against the United States, that is:

 (a) to knowingly, and with intent to defraud, devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, for the purpose of executing the scheme and artifice, in violation of Title 18, United States Code, Section 1343;

 (b) to knowingly, and with intent to defraud, devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice, did knowingly cause to be delivered certain mail matter by Company 2, a private and commercial interstate carrier, according to the directions thereon, in violation of Title 18, United States Code, Section 1341

## PURPOSE OF THE CONSPIRACY

 3. The purpose of the conspiracy was for the defendants to unlawfully enrich themselves and defraud the government of Guyana in connection with taxes and royalties owed

on the sale and export of gold by fraudulently reusing Guyana customs declarations and seals on gold shipments sent through Miami to make it appear that Mohamed's Enterprise had paid taxes and royalties when it had not actually paid them.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the purpose of the conspiracy included, among other things, the following:

4. **NAZAR MOHAMED** and **AZRUDDIN MOHAMED** entered into agreements on behalf of Mohamed's Enterprise to sell thousands of kilograms of gold per year from Guyana to buyers in Miami and Dubai.

5. **NAZAR MOHAMED** and **AZRUDDIN MOHAMED** coordinated with Company 1, via electronic communications between Guyana and Miami, to transport gold sold by Mohamed's Enterprise from Guyana to Miami and Dubai (through Miami). In connection with those shipments, **NAZAR MOHAMED** and **AZRUDDIN MOHAMED** caused payments to Company 1 from bank accounts in Guyana to the Southern District of Florida.

6. **NAZAR MOHAMED** and **AZRUDDIN MOHAMED** set up a system whereby Mohamed's Enterprise would pay taxes and royalties in Guyana on one shipment of gold and receive the appropriate GRA and GGB seals, but then reuse the same customs declarations and GRA and GGB seals on the subsequent shipment so that Mohamed's Enterprise could avoid taxes and royalties on the second shipment.

7. **NAZAR MOHAMED** and **AZRUDDIN MOHAMED** caused Company 2 to ship empty wooden boxes with intact GRA and GGB seals from gold buyers in Dubai to Miami. **AZRUDDIN MOHAMED** caused Company 3 in Miami to ship those empty boxes with intact

4

GRA and GGB seals from Miami to Mohamed's Enterprise office in Guyana.

8.  **NAZAR MOHAMED** and **AZRUDDIN MOHAMED** reused empty boxes with intact GRA and GGB seals for shipments of gold to make it appear that Mohamed's Enterprise had paid Guyana taxes and royalties on shipments of gold when, in truth and in fact, Mohamed's Enterprise had not paid them on those shipments of gold.

9.  **NAZAR MOHAMED** and **AZRUDDIN MOHAMED** paid bribes to Guyanese government officials, including customs officials, so that customs officials would accept shipments of gold by Mohamed's Enterprise with duplicate paperwork and reused seals thereby avoiding the proper payment of Guyanese taxes and royalties.

10. From approximately 2017 to approximately 2024, **NAZAR MOHAMED** and **AZRUDDIN MOHAMED** caused shipments through Miami with at least ten thousand kilograms of gold to be exported without payment of Guyanese taxes and royalties, causing a loss to the Guyanese authorities of approximately $50 million. **NAZAR MOHAMED** and **AZRUDDIN MOHAMED** used proceeds of the conspiracy for their own personal benefit.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-5
### Wire Fraud
### (18 U.S.C. § 1343)

1.  The General Allegations set forth in paragraphs 1 through 9 of this Indictment are realleged and incorporated by reference for Counts 2 through 5 of this Indictment as though fully set forth herein.

2.  From in or around 2017, and continuing through on or about June 11, 2024, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**NAZAR MOHAMED,**

did knowingly, and with intent to defraud, devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice to defraud, did knowingly transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds.

### PURPOSE OF THE SCHEME AND ARTIFICE

The purpose of the scheme and artifice was for the defendant and his accomplices to unlawfully enrich themselves and defraud the Guyanese government in connection with taxes and royalties owed on the sale and export of gold by fraudulently reusing Guyana customs declarations and customs seals on gold shipments sent through Miami to make it appear that Mohamed's Enterprise had paid taxes and royalties when it had not actually paid them.

### MANNER AND MEANS OF THE SCHEME AND ARTIFICE

The manner and means section of Count 1 is hereby realleged and incorporated by reference for Counts 2 through 5 as though fully set forth herein.

### USE OF THE WIRES

On or about the dates set forth below, **NAZAR MOHAMED**, for the purpose of executing the scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly cause to be transmitted by means of wire communications in interstate and foreign commerce,

certain writings, signs, signals, pictures and sounds, that is, electronic mail from his e-mail account to the e-mail account of a Company 1 representative thereby causing a communication in interstate commerce, as specified in each count below:

| Count | Approximate Date | Wire Transmission |
|---|---|---|
| 2 | October 5, 2021 | Electronic mail from **NAZAR MOHAMED** in Guyana to a representative of Company 1 in Miami requesting shipment of six boxes containing approximately 165 kilograms of gold through Miami to a buyer in Dubai |
| 3 | November 9, 2021 | Electronic mail from **NAZAR MOHAMED** in Guyana to a representative of Company 1 in Miami requesting shipment of six boxes containing approximately 165 kilograms of gold through Miami to a buyer in Dubai |
| 4 | January 20, 2023 | Electronic mail from **NAZAR MOHAMED** in Guyana to a representative of Company 1 in Miami requesting shipment of six boxes containing approximately 165 kilograms of gold through Miami to a buyer in Dubai |
| 5 | February 21, 2023 | Electronic mail from **NAZAR MOHAMED** in Guyana to a representative of Company 1 in Miami requesting shipment of six boxes containing approximately 165 kilograms of gold through Miami to a buyer in Dubai |

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS 6-9
### Mail Fraud
### (18 U.S.C. § 1341)

1. The General Allegations set forth in paragraphs 1 through 9 of this Indictment are realleged and incorporated by reference for Counts 6 through 9 of this Indictment as though fully set forth herein.

2.      From in or around 2017, and continuing through on or about June 11, 2024, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**AZRUDDIN MOHAMED,**

did knowingly, and with intent to defraud, devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice to defraud, did knowingly cause to be delivered certain mail matter by private and commercial interstate carrier, according to the directions thereon.

### PURPOSE OF THE SCHEME AND ARTIFICE

The purpose of the scheme and artifice was for the defendant and his accomplices to unlawfully enrich themselves and to defraud the government of Guyana in connection with taxes and royalties owed on the sale and export of gold by fraudulently reusing Guyana customs declarations and seals on shipments sent through Miami to make it appear that Mohamed's Enterprise had paid taxes and royalties when it had not actually paid them.

### MANNER AND MEANS OF THE SCHEME AND ARTIFICE

The manner and means section of Count 1 is hereby realleged and incorporated by reference for Counts 6 through 9 as though fully set forth herein.

### USE OF THE MAILS

On or about the dates set forth below, **AZRUDDIN MOHAMED**, for the purpose of executing the scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the

pretenses, representations, and promises were false and fraudulent when made, did knowingly cause to be delivered certain mail matter by a private and commercial interstate carrier, according to the directions thereon, as specified in each count below:

| Count | Approximate Date | Description of Mailing |
|---|---|---|
| 6 | January 13, 2021 | Shipment of six empty wooden boxes containing GRA and GGB seals via Company 2 from Dubai to Miami |
| 7 | December 28, 2021 | Shipment of six empty wooden boxes containing GRA and GGB seals via Company 2 from Dubai to Miami |
| 8 | April 23, 2022 | Shipment of six empty wooden boxes containing GRA and GGB seals via Company 2 from Dubai to Miami |
| 9 | June 10, 2023 | Shipment of six empty wooden boxes containing GRA and GGB seals via Company 2 from Dubai to Miami |

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 10
## Conspiracy to Commit Money Laundering
## (18 U.S.C. § 1956(h))

1. The General Allegations set forth in paragraphs 1 through 9 of this Indictment are realleged and incorporated by reference for Count 10 of this Indictment as though fully set forth herein.

2. From in or around 2017, and continuing through on or about June 11, 2024, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**NAZAR MOHAMED and
AZRUDDIN MOHAMED,**

9

did knowingly and voluntarily combine, conspire, confederate and agree with each other and others, known and unknown to the Grand Jury, to commit offenses under Title 18, United States Code, Section 1956, that is, to knowingly transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States, and to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

It is further alleged that the specified unlawful activity is (a) mail fraud, in violation of Title 18, United States Code, Section 1341; (b) wire fraud, in violation of Title 18, United States Code, Section 1343; and (c) an offense against a foreign nation, specifically Guyana, involving bribery of a public official, and the misappropriation, theft, and embezzlement of public funds by and for the benefit of a public official, as provided by Title 18, United States Code, Section 1956(c)(7)(B)(iv).

## PURPOSE OF THE CONSPIRACY

3. It was the purpose of the conspiracy for **NAZAR MOHAMED** and **AZRUDDIN MOHAMED** to unlawfully enrich themselves by engaging in a scheme to defraud the government of Guyana in connection with taxes and royalties owed on the sale and export of gold, paying bribes to Guyanese government officials, and making and causing to be made international wires between Guyana and the United States in furtherance of the scheme.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means section of Count 1 is hereby realleged and incorporated by reference for Count 10 as though fully set forth herein.

All in violation of Title 18, United States Code, Section 1956(h).

### COUNT 11
### Mail Fraud
### (18 U.S.C. § 1341)

1.	The General Allegations set forth in paragraphs 1 through 4 and 10 of this Indictment are realleged and incorporated by reference for Count 10 of this Indictment as though fully set forth herein.

2.	From on or about October 6, 2020, and continuing through on or about December 8, 2020, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**AZRUDDIN MOHAMED,**

did knowingly, and with intent to defraud, devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice to defraud, did knowingly cause to be delivered certain mail matter by private and commercial interstate carrier, according to the directions thereon.

### PURPOSE OF THE SCHEME AND ARTIFICE

The purpose of the scheme and artifice was for the defendant to defraud the Guyanese government in connection with taxes and royalties owed on the sale of a Lamborghini shipped

11

for the defendant from Miami by submitting false and fraudulent paperwork to the GRA regarding the true value of the Lamborghini.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

The manner and means by which the defendant sought to accomplish the purpose of the scheme included, among other things, the following:

1. **AZRUDDIN MOHAMED** directed Individual 1 to acquire a Lamborghini from California that cost approximately $680,000 for the benefit of **AZRUDDIN MOHAMED.**

2. **AZRUDDIN MOHAMED** caused the shipment of the Lamborghini via private and commercial interstate carrier from Miami to Guyana.

3. **AZRUDDIN MOHAMED** directed Individual 1 to create an invoice to make it falsely appear that the Lamborghini cost $75,300 when, in truth and in fact, the Lamborghini cost approximately $680,000.

4. **AZRUDDIN MOHAMED** caused the false Lamborghini invoice to be presented to the GRA and thereby avoided over one million dollars in taxes he owed to the GRA.

## USE OF THE MAILS

On or about October 30, 2020, the defendant, for the purpose of executing the scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly cause to be delivered certain mail matter by Company 4, a private and commercial interstate carrier, according to the directions thereon, a 2020 Lamborghini Aventador SV shipped from Miami to Guyana.

In violation of Title 18, United States Code, Sections 1341 and 2.

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **NAZAR MOHAMED** and **AZRUDDIN MOHAMED**, have an interest.

2. Upon conviction of a violation of Title 18, United States Code, Sections 1341, 1343, and/or 1349, as alleged in this Indictment, the defendants shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. Upon conviction of a violation of Title 18, United States Code, Section 1956 or 1957, as alleged this Indictment, the defendants shall forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

4. The property directly subject to forfeiture as a result of the alleged offenses includes, but is not limited to, the following: a shipment containing approximately $5.3 million in gold bars shipped from Guyana by Mohamed's Enterprise seized at Miami International Airport on June 11, 2024.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and the procedures set forth at Title 21, United States Code, Section 853 as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

_____
FOREPERSON

/SLC (Edwin Stamm)
JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

_____
for LORINDA I. LARYEA
ACTING CHIEF, FRAUD SECTION
CRIMINAL DIVISION, DEPARTMENT OF JUSTICE

_____
MICHAEL N. BERGER
SENIOR LITIGATION COUNSEL

_____
for JIL SIMON
TRIAL ATTORNEY, FRAUD SECTION
CRIMINAL DIVISION, DEPARTMENT OF JUSTICE

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 25-CR-20441-WILLIAMS/LETT

v.

NAZAR MOHAMED and
AZRUDDIN MOHAMED,
                                                         /
                       Defendants.

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
- [✓] Miami
- [ ] Key West
- [ ] FTP
- [ ] FTL
- [ ] WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __7__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I  [ ] 0 to 5 days
   - II [✓] 6 to 10 days
   - III [ ] 11 to 20 days
   - IV [ ] 21 to 60 days
   - V  [ ] 61 days and over

   (Check only one)
   - [ ] Petty
   - [ ] Minor
   - [ ] Misdemeanor
   - [✓] Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge _____ Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: _____
Michael N. Berger
Assistant United States Attorney
SDFL Court ID No. A5501557

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: <u>NAZAR MOHAMED</u>

**Case No**: _____

Count #: 1

<u>Conspiracy to Commit Wire & Mail Fraud</u>

<u>Title 18, United States Code, Section 1349</u>
* **Max. Term of Imprisonment:** Twenty (20) years imprisonment as to each count
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine:** $250,000 or twice the gross pecuniary gain or loss

Counts #: 2-5

<u>Wire Fraud</u>

<u>Title 18, United States Code, Section 1343</u>
* **Max. Term of Imprisonment:** Twenty (20) years imprisonment as to each count
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine:** $250,000 or twice the gross pecuniary gain or loss

Count #: 10

<u>Conspiracy to Commit Money Laundering</u>

<u>Title 18, United States Code, Section 1956(h)</u>
* **Max. Term of Imprisonment:**   Twenty (20) Years imprisonment as to each count
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine:** $500,000 or the value of the property involved in the transaction

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: <u>AZRUDDIN MOHAMED</u>

**Case No**: _____

Count #: 1

Conspiracy to Commit Wire & Mail Fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment:** Twenty (20) years imprisonment as to each count
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine:** $250,000 or twice the gross pecuniary gain or loss

Counts #: 6-9, 11

Mail Fraud

Title 18, United States Code, Section 1341
* **Max. Term of Imprisonment:** Twenty (20) years imprisonment as to each count
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine:** $250,000 or twice the gross pecuniary gain or loss

Count #: 10

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)
* **Max. Term of Imprisonment:**   Twenty (20) Years imprisonment as to each count
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine:** $500,000 or the value of the property involved in the transaction

\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.